United States District Court
Southern District of Texas
**ENTERED**
November 26, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KIMBERLY JANETTE LUCKETT, § § Plaintiff. § § VS. § § KILOLO KIJAKAZI, ACTING § COMMISSIONER OF THE SOCIAL § SECURITY ADMINISTRATION, § § Defendant. § | CIVIL ACTION NO. 4:20-cv-04002 |

## MEMORANDUM AND OPINION

Plaintiff Kimberly Janette Luckett ("Luckett") seeks judicial review of an administrative decision denying her application for disability insurance benefits under Title II of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by Luckett and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Administration" or "Commissioner").[1] *See* Dkts. 12, 15. After reviewing the briefing, the record, and the applicable law, Luckett's motion for summary judgment is **GRANTED**, and the Commissioner's motion for summary judgment is **DENIED**.

## BACKGROUND

Luckett filed an application for supplemental security income under Title II of the Act on April 25, 2018, alleging disability beginning on September 2, 2017. Her application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Luckett was

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is automatically substituted as a party under Federal Rule of Civil Procedure 25(d).

not disabled. Luckett filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past

relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id.* Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that Luckett "did not engage in substantial gainful activity during the period from her alleged onset date of September 2, 2017 through her date last insured of March 31, 2019." Dkt. 10-3 at 18.

The ALJ found at Step 2 that Luckett suffered from "the following severe impairments: obesity, undifferentiated connective tissue disorder, chronic fatigue, depression, ADHD, and anxiety." *Id.* at 19.

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of Step 4, the ALJ determined Luckett's RFC as follows:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except lifting 10 pounds occasionally and less than 10 pounds frequently; carrying 10 pounds occasionally and less than 10 pounds frequently; sitting for 6 hours, alternate to standing for 3 minutes after every 30 minutes of sitting; standing and/or walking for a total of 2 hours combined, alternate to sitting for 5 minutes, after every 30 minutes of standing and/or walking. She can operate foot controls with the right foot frequently and the left foot frequently. She can operate hand controls

with the right hand frequently and the left hand frequently. She can frequently reaching overhead to the left, and frequently reaching overhead to the right. For all other reaching she can reach frequently to the left and can reach frequently to the right. She can handle items frequently with the left hand and can handle items frequently with the right hand. She has fingering limitations frequently with the left hand and has fingering limitations frequently with the right hand. The claimant has feel limitations frequently on the left and has feel limitations frequently on the right. The claimant can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, balance occasionally, stoop occasionally, kneel occasionally, crouch occasionally, and never crawl. The claimant can work at unprotected heights occasionally and never around moving mechanical parts. She can work in weather occasionally, in vibration occasionally, in humidity and wetness occasionally, and in extreme cold occasionally. She should avoid sunlight. She is able to perform simple, routine tasks and is able to perform simple work-related decisions.

*Id.* at 21.

At Step 4, the ALJ found that Luckett "has no past relevant work." *Id.* at 25. And, at Step 5, the ALJ concluded that "there were jobs that existed in significant numbers in the national economy that [Luckett] could have performed." *Id.*

## DISCUSSION

This social security appeal raises two issues: (1) whether the ALJ improperly rejected the medical opinion of Dr. Sabeem Najam; and (2) whether the ALJ failed to develop the record by neglecting to obtain a medical source statement on Luckett's mental limitations from Mary Browning, PA-C. I only need to reach the first issue.

In this case, upon the referral of her primary care physician, Luckett began seeing Dr. Najam for the treatment of fibromyalgia as early as July 2017. *See* Dkt. 10-9 at 54. In March 2018, Dr. Najam submitted a physician statement describing Luckett's physical limitations. *See id.* at 5–7. Importantly, as described by the ALJ, Dr. Najam opined that Luckett "is able to sit, stand, walk, and keyboard for less than 1 hour in an 8-hour workday"; "is able to climb stairs/ladders, push, pull, lift,

4

and carry less than 30 minutes in an 8-hour workday"; and " is able to kneel, squat, bend, and stoop for less than 15 minutes in an 8-hour workday." Dkt. 10-3 at 24. These findings, if accepted, likely would have resulted in a determination that Luckett is disabled. The ALJ rejected these findings, however, explaining that Dr. Najam's "opinion is extreme and is not found to be persuasive or supported by the evidence as a whole." *Id.*

Luckett challenges the ALJ's rejection of Dr. Najam's medical opinion, arguing the ALJ failed to properly evaluate the medical opinion and failed to provide adequate reasoning for his rejection of the opinion. In other words, Luckett argues that the ALJ failed to comply with 20 C.F.R. § 404.1520c(b)(2) because she did not sufficiently explain her decision to reject Dr. Najam's medical opinion. I agree.

Since Luckett filed for benefits "on or after March 27, 2017," the ALJ was required to apply the new regulations. 20 C.F.R. §§ 404.1520c, 416.920c. Through the new regulations, the Administration revised the standards and procedures for evaluating medical opinions and prior administrative medical findings, abrogating the treating physician rule. As such, "ALJs are no longer required to give controlling weight to the opinions of treating physicians." *Pearson v. Comm'r of Soc. Sec.*, No. 1:20-CV-166-HSO-RPM, 2021 WL 3708047, at *4 (S.D. Miss. Aug. 11, 2021) (quotation omitted). Instead, the ALJ considers the persuasiveness of medical opinions from different medical sources. *See* 20 C.F.R. § 404.1520c(b)(2). In evaluating persuasiveness, the ALJ considers five factors: (i) supportability; (ii) consistency; (iii) the source's relationship with the patient; (iv) the source's specialty; and (v) "other factors that tend to support or contradict" the opinion. *Id.* § 404.1520c(c). The most important factors in evaluating persuasiveness are supportability and consistency. *See id.* § 404.1520c(b)(2). In considering these factors, the ALJ is required to "explain how [she] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative

5

medical findings in [Luckett's] determination or decision." *Pearson*, 2021 WL 3708047, at *4 (quotation and emphasis omitted).

With respect to "supportability," "the strength of a medical opinion increases as the relevance of the objective medical evidence and explanations presented by the medical source increase." *Vellone v. Saul*, No. 120CV00261RAKHP, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021) (citing 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1)). The regulations provide that "consistency" is "an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record." *Id*.

Considering the newness of the regulations, there is a dearth of caselaw concerning what constitutes a sufficient "explanation" of supportability and consistency under 20 C.F.R. § 404.1520c(b)(2). But, as described by one court, the standard is as follows:

> The measuring stick for an "adequate discussion" is whether the ALJ's persuasiveness explanation enables the court to undertake a meaningful review of whether his finding with regard to the particular medical opinion was supported by substantial evidence, and does not require the Court to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof.

*Cooley v. Comm'r of Soc. Sec.*, No. 2:20-CV-46-RPM, 2021 WL 4221620, at *6 (S.D. Miss. Sept. 15, 2021) (cleaned up). "Stated differently, there must be a discernible logic bridge between the evidence and the ALJ's persuasiveness finding." *Pearson*, 2021 WL 3708047, at *5 (quotation omitted).

Here, the ALJ rejected Dr. Najam's opinion and went on to discuss various medical evidence contained in the record. As I reviewed the evidence and arguments presented by both parties to determine if the ALJ included an adequate discussion, I realized that the ALJ not only rejected Dr. Najam's medical opinion for purposes of assessing Luckett's RFC, she also expressly rejected Dr. Najam's determination that Luckett suffered from fibromyalgia. In other words, she rejected the primary medical diagnosis underlying Dr. Najam's medical opinion.

Specifically, the ALJ found that Luckett's alleged fibromyalgia was a "non-medically determinable impairment" because "there is *no evidence* . . . that [Luckett] has 11 positive tender points on examination." Dkt. 10-3 at 19 (emphasis added). This statement is incorrect.

In the July 2017 treatment note, Dr. Najam's *examination* findings expressly state that Luckett had "positive tender points 16/18." Dkt. 10-9 at 54. Dr. Najam repeatedly included this examination finding in her treatment notes. *See, e.g.*, Dkt. 10-12 at 27. The ALJ never addresses this inconsistency. While Luckett did not succinctly state this argument, "[t]his Court cannot ignore an ALJ's incorrect statements when offered to explain important decisions," such as the ALJ's decision to reject the primary diagnosis underlying a physician's treatment of a claimant. *Little v. Berryhill*, No. 3:17-CV-00328, 2018 WL 3406876, at *9 n.8 (S.D. Tex. June 25, 2018). This is especially so, here, "given the inconsistency between the ALJ's rejection of fibromyalgia as a severe impairment and Dr. [Najam's] consistent diagnosis of Plaintiff's fibromyalgia." *Acosta Cuevas v. Comm'r of Soc. Sec.*, No. 20CV0502AJNKHP, 2021 WL 363682, at *16 (S.D.N.Y. Jan. 29, 2021). In other words, in my view, the ALJ's overall treatment of Dr. Najam seems to undercut the logic bridge between the evidence and the ALJ's persuasiveness finding. This is error.

I can speculate about whether the ALJ's error is harmless, but it would be just that, "speculation." I decline to speculate. *See Knight v. Saul*, No. 3:20-CV-00185, 2021 WL 2808521, at *4 (S.D. Tex. July 6, 2021) ("I can neither predict nor speculate about how the ALJ will choose to confront this issue. Because conflicts in the evidence are for the Commissioner and not the courts to resolve, I conclude that it is conceivable that the ALJ could make a different administrative decision." (quotation omitted)). Accordingly, I believe the prudent thing to do is remand this case to the ALJ for further proceedings.

## CONCLUSION

For the reasons provided above, Luckett's motion for summary judgment is **GRANTED**, and the Commissioner's motion for summary judgment is **DENIED**. This case is remanded to the Social Security Administration for further proceedings consistent with this opinion.

SIGNED this 26th day of November 2021.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE